FILED IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALDINE I. BOYD, KEVIN C. BOYD,          )
and CYNTHIA R. BOYD,                        )
                                            )          JURY TRIAL DEMANDED
        Plaintiffs,                         )
                                            )          04C 2360
        v.                                  )
                                            )
'CITY OF CHICAGO, an Illinois municipal     )
corporation, OFFICER KEVIN RYAN,            )
individually and as employee of the City    )          JUDGE BUCKLO
of Chicago, OFFICER THOMAS FINEGAN,         )
individually and as employee of the City of )
Chicago, OFFICER NOLAN, individually and   )
as employee of the City of Chicago, OFFICER )          MAGISTRATE JUDGE LEVIN
QUINN, individually and as employee of the  )
City of Chicago, LIEUTENANT BLAKE,          )
individually and as employee of the City of )
Chicago, OFFICER JOHN DOE 1, individually   )
and as employee of the City of Chicago,     )
OFFICER JOHN DOE 2, individually and as     )
employee of the City of Chicago, OFFICER    )
JOHN DOE 3, individually and as employee of )
the City of Chicago, and OFFICER JOHN       )
DOE 4, individually and as employee of the  )
City of Chicago,                            )
                                            )
        Defendants.                         )

## COMPLAINT

GERALDINE I. BOYD, KEVIN C. BOYD, and CYNTHIA R. BOYD ("Plaintiffs"),

hereby complain of CITY OF CHICAGO, an Illinois municipal corporation, OFFICER KEVIN

RYAN, individually and as employee of the City of Chicago, OFFICER THOMAS FINEGAN,

individually and as employee of the City of Chicago, OFFICER NOLAN, individually and as

employee of the City of Chicago, OFFICER QUINN, individually and as employee of the City

of Chicago, LIEUTENANT BLAKE, individually and as employee of the City of Chicago,



OFFICER JOHN DOE 1, individually and as employee of the City of Chicago, OFFICER JOHN

DOE 2, individually and as employee of the City of Chicago, OFFICER JOHN DOE 3,

individually and as employee of the City of Chicago, and OFFICER JOHN DOE 4, individually

and as employee of the City of Chicago ("Defendants") as follows:

## JURISDICTION

1.     The United States District Court has jurisdiction over this matter pursuant to 28

U.S.C. sections 1331, 1343 and 1367.

## VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391 (b).

## INTRODUCTION

3.     Plaintiffs GERALDINE I. BOYD ("Geraldine"), KEVIN C. BOYD ("Kevin"), and

CYNTHIA R. BOYD ("Cynthia") are, and were at all times relevant herein, citizens of the

United States, and residents of the State of Illinois, County of Cook.  Geraldine is the mother of

Kevin and Cynthia.

4.     Plaintiffs' race is white.

5.     Defendant, City of Chicago ("City") is, and was at all times relevant herein, an

Illinois municipal corporation.

6.     Defendants OFFICER KEVIN RYAN[1],  ("Ryan"),  OFFICER THOMAS

---

[1]     Kevin Ryan is listed as star number 13409, unit 153 on the Chicago Police
Department's Property Inventory.

2

FINEGAN[2], ("Finegan"), OFFICER NOLAN[3], ("Nolan"), OFFICER QUINN[4], ("Quinn"), LIEUTENANT BLAKE[5], ("Blake"), OFFICER JOHN DOE 1[6] ("John Doe 1"), OFFICER JOHN DOE 2[7] ("John Doe 2"), OFFICER JOHN DOE 3[8], ("John Doe 3"), and OFFICER JOHN DOE 4 ("John Doe 4") are and were at all times relevant herein, employees of the defendant City acting in their capacity as sworn peace officers of the Chicago Police Department.

7.     On April 1, 2003, Kevin was driving his car at 67th and Western in Chicago and had pulled into a gasoline station.

8.     Police officers John Doe 1 and John Doe 2 stopped Kevin, John Doe 1 asked for Kevin's drivers license, and demanded that Kevin get out of his car.

9.     John Doe 1, with no grounds whatsoever, frisked Kevin and told Kevin (who is white) that he did not belong in that neighborhood (which is predominately African-American).

10.     John Doe 2, with no grounds whatsoever, searched Kevin's car, including opening and searching the closed center storage compartment.

11.     There were no firearms in Kevin's car, nor was Kevin carrying any firearms. Nevertheless, John Doe 1 and John Doe 2 unlawfully assumed that Kevin was either a gun dealer

---

[2]     Thomas Finegan is listed as star number 14734, unit 153 on the Chicago Police Department's Property Inventory.

[3]     On information and belief, Nolan's star number is 16523.

[4]     On information and belief, Quinn's star number is 18626.

[5]     On information and belief, Blake's star number is 454.

[6]     On information and belief, John Doe 1's unit is 812 from the 8th District.

[7]     On information and belief, John Doe 2's unit is 812 from the 8th District.

[8]     On information and belief, John Doe 3's star number is 16626.

3

or dope dealer and, without any grounds, unlawfully demanded that Kevin reveal anything and everything about any guns that Kevin ever knew about.

12.     Under unlawful duress, Kevin told John Doe 1 and John Doe 2 that his family owned lawfully-registered, old firearms that had been inherited from his grandfather, and that those firearms were locked up at the Boyd family home.

13.     John Doe 1 and John Doe 2 unlawfully demanded that Kevin immediately produce the firearms to them.

14.     Kevin stated he would not surrender the firearms unless the officers had a warrant.

15.     John Doe 2 then falsely claimed he had found a twig of marijuana in Kevin's car and would charge Kevin with unlawful possession of drugs and lock up Kevin in jail, unless Kevin brought them to the firearms immediately.

16.     John Doe 1 and John Doe 2 locked Kevin in the back seat of their patrol vehicle. John Doe 1 drove Kevin to the Boyd family home, and John Doe 2 drove Kevin's car to the Boyd family home. Both officers escorted Kevin inside.

17.     Kevin's mother, Geraldine, and sister, Cynthia, were home and Kevin told them everything that happened. John Doe 1 and John Doe 2 then unlawfully entered the family's home without voluntary consent.

18.     Under unlawful duress, Geraldine showed John Doe 1 and John Doe 2 all firearms registrations. These registrations were lawfully issued to Plaintiffs by the City.

19.     John Doe 1 and/or John Doe 2 stated that the registrations were not legal and demanded to see the firearms.

20.     Under unlawful duress, Geraldine unlocked the firearms and showed them to John

4

Doe 1 and John Doe 2.

21.    Either John Doe 1 or John Doe 2 went outside Plaintiffs' home, made an approximately 20-minute cellular phone call, went back in Plaintiffs' home, and said everything was fine with Plaintiffs' firearms registrations.

22.    John Doe 1 and John Doe 2 left Plaintiffs' family home.

23.    Ten days later, at approximately 10:00 p.m. on April 11, 2003, a total of seven Chicago police officers, including at least Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3 and John Doe 4 (the "Officers"), arrived at Plaintiffs' home and banged on the door, and demanded to be let in. Blake arrived separately, a short time after the first group of six.

24.    The two women, Geraldine and Cynthia, were home alone at the time.

25.    Geraldine opened the door just enough to see out, and the Officers pushed their way into Plaintiffs' home.

26.    One or more of the Officers stated that Plaintiffs had illegal guns and demanded that the purportedly illegal firearms be produced.

27.    Geraldine asked the Officers for a search warrant.

28.    Finegan and/or other Officers stated that he/they did not need a search warrant.

29.    Under unlawful duress, Geraldine got all firearms registrations and showed them to the Officers, but the Officers did not want to see the registrations and did not check them.

30.    Geraldine repeatedly told the Officers to leave her home.

31.    The Officers refused to leave, but Blake and/or other Officers told Geraldine to show him and/or other officers the guns or he/they would arrest her and Cynthia.

32.    Visibly scared and upset and under unlawful duress, Geraldine (a 63-year old

5

teacher of handicapped children) unlocked the firearms and showed them to one or more of the Officers.

33.    One of the Officers took five of the firearms, and threatened to arrest and jail Geraldine and Cynthia unless Geraldine immediately phoned Kevin.

34.    Geraldine did phone Kevin, but one of the Officers grabbed the phone from her and told Kevin that the Officers would arrest his mother and sister and throw them in jail if Kevin did not return home immediately.

35.    One or more of the Officers ordered both Geraldine and Cynthia to go with them to the police station.

36.    Geraldine begged the officers to let Cynthia remain at home, explaining that Cynthia was pregnant and had suffered a previous miscarriage and was already very upset by the Officers' actions that evening.

37.    The Officers drove Geraldine to the police station, taking five of Plaintiffs' firearms, only one of which was registered to Kevin.

38.    Upon arrival at the police station, Geraldine was forced to go through the prisoners' entrance and was then placed in an interrogation room with several of the Officers, including one who blocked the door.

39.    One of the Officers called the Boyd home from the police station and spoke with Kevin.  The Officer told Kevin that they had detained his mother, and if Kevin did not come to the station immediately, they would arrest Geraldine and put her in jail.

40.    When Kevin arrived at the station, he was grabbed by several of the Officers, handcuffed, dragged and pushed to the room his mother was in, and chained to the wall.

6

41.     Kevin and Geraldine repeatedly requested that they be released and that their firearms be returned, but the Officers refused their requests.

42.     The Officers, including but not limited to Ryan and Finegan, continually berated Kevin in front of his mother, calling him a drug dealer, gun dealer, gang banger, wimp, and sissy, momma's boy, and claimed Kevin engaged in trading "guns for dope."

43.     The Officers, including but not limited to Ryan and Finegan, discussed in Kevin's and Geraldine's presence how the Officers were going to divide up the Boyds' seized firearms amongst themselves for the Officers' own personal property.

44.     At some point thereafter, the police drove Geraldine home.

45.     Despite the fact that Kevin did not own all five firearms unlawfully confiscated, he was charged with five counts of violating City of Chicago Municipal Code 8-20-050, and was locked up in a jail cell for approximately four hours. All charges were subsequently non-suited.

46.     Plaintiffs have received an order releasing the four of the five seized firearms, and the City did not object to the return of the firearms. However, because the City did not even inventory one of the firearms, the Boyds are experiencing difficulty getting the fifth returned.

47.     Plaintiffs have sought professional counseling to help them with the ongoing emotional distress, anguish, and mental trauma which arose from the above events.

## COUNT I
### Racial Discrimination Under 42 U.S.C. Sec. 1981
### (Defendants John Doe 1 and John Doe 2)

48.     Plaintiff Kevin C. Boyd realleges paragraphs 1-47 above as though fully set forth in this count.

49.     When Kevin (who is white) was originally stopped on April 1, 2003, with a minor

7

traffic offense as the apparent pretext, Officers John Doe 1 and John Doe 2 did not have any basis whatsoever to believe Kevin was dangerous or was involved in criminal activity so as to justify the frisk and car search.

50. Officers John Doe 1 and John Doe 2 had no traffic violations to charge Kevin with, but they stereotyped Kevin as a "drug dealer" and "gang banger" simply because Kevin was a white person driving in an African-American neighborhood.

51. Officers John Doe 1 and John Doe 2 disregarded proper police procedure by stereotyping Kevin on account of his race, and thereby denied Kevin equal protection of the laws of the United States.

52. As a direct and proximate result of the deprivation of equal protection of the laws of the United States by defendants John Doe 1 and John Doe 2, Kevin sustained severe emotional pain and suffering, distress, anguish, and mental trauma.

WHEREFORE, Plaintiff, Kevin C. Boyd, respectfully prays that judgment enter against defendants John Doe 1 and John Doe 2 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

## COUNT II
### Deprivation of Civil Rights Under 42 U.S.C. Sec. 1983
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4)

53. Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

54. Under the Fourth Amendment of the United States Constitution, Plaintiffs had the

8

right to freedom from unreasonable searches and seizures independent of any claim based on race, national origin and/or discrimination.

55. Defendants John Doe 1 and/or John Doe 2, acting under color of state law, disregarded proper police procedure and violated Plaintiffs' Fourth Amendment rights against unreasonable searches and seizures in one or more of the following ways:

    a.     frisking Kevin without a warrant or reasonable suspicion to believe Kevin was dangerous or was involved in criminal activity;

    b.     searching Kevin's car without a warrant or reasonable suspicion to believe Kevin was dangerous or was involved in criminal activity;

    c.     seizing Kevin on April 1, 2003, and forcing him to bring the police to his home, without a warrant or reasonable suspicion to believe Kevin was dangerous or was involved in criminal activity; and/or

    d.     searching Plaintiffs' home on April 1, 2003, without a warrant or reasonable suspicion to believe Plaintiffs were dangerous or involved in criminal activity.

56. Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and/or John Doe 4, acting under color of state law, disregarded proper police procedure and violated Plaintiffs' Fourth Amendment rights against unreasonable searches and seizures in one or more of the following ways:

    a.     searching Plaintiffs' home on April 11, 2003, without a warrant or reasonable suspicion to believe Plaintiffs were dangerous or involved in criminal activity;

    b.     threatening to arrest and jail Geraldine and Cynthia on April 11, 2003;

    c.     seizing Geraldine and Kevin on April 11, 2003 and detaining them at the police station, and arresting Kevin on charges that were later non-suited; and/or

    d.     seizing lawfully-registered firearms without a warrant.

57. As a direct and proximate result of violation of Plaintiffs' Fourth Amendment rights by defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4, Plaintiffs sustained severe emotional pain and suffering, distress, anguish, and mental trauma.

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd, respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

## COUNT III
### Deprivation of Civil Rights Under 42 U.S.C. Sec. 1983
### (Defendant City of Chicago)

58.     Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 and Count II above as though fully set forth in this count.

59.     The treatment of Plaintiffs as detailed above was a direct result of the City's policies and overzealous crusade against handguns, which is so out of control that lawfully-registered firearms are being improperly seized and Fourth Amendment rights of law-abiding citizens are being ignored and violated.  Among other things, the City awards police officers "points" for recovering handguns.

60.     As a direct and proximate result of the City's policy, Plaintiffs' Fourth Amendment rights were violated and  Plaintiffs sustained severe emotional pain and suffering, distress, anguish, and mental trauma.

10

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd, respectfully pray that judgment enter against Defendant City of Chicago in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT IV
### State Law Assault & Battery
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4)

61.     Plaintiff Kevin C. Boyd realleges paragraphs 1-47 above as though fully set forth in this count.

62.     The grabbing, pushing, dragging and chaining of Kevin by one or more of defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 constituted harmful and/or offensive bodily contact.

63.     Such use of excessive force caused Kevin a reasonable apprehension of further harmful and/or offensive contact as Defendants continued their "interrogation."

64.     Each of the foregoing Defendants knew there was a high probability that their conduct would cause Kevin harmful and/or offensive contact, or the apprehension thereof, and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

11

WHEREFORE, Plaintiff, Kevin C. Boyd, respectfully prays that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

## COUNT V
### State Law Defamation
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4)

65.     Plaintiff Kevin C. Boyd realleges paragraphs 1-47 above as though fully set forth in this count.

66.     Statements made by defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in the presence of Geraldine and others that Kevin was a drug dealer, gang banger, and exchanged "guns for dope" are false and impute that Kevin engaged in criminal behavior.

67.     Each of the foregoing Defendants had adequate opportunity between April 1, 2003, when Kevin was first stopped, and April 11, 2003, when the statements were made, to determine that such statements were false, and made such statements intentionally, recklessly and/or willfully and wantonly, knowing such statements were false or in reckless disregard as to their truth.

12

WHEREFORE, Plaintiff, Kevin C. Boyd, respectfully prays that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

## COUNT VI
### State Law False Imprisonment
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4)

68.    Plaintiffs Geraldine I. Boyd and Kevin C. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

69.    Defendants John Doe 1 and/or John Doe 2 involuntarily confined Kevin by locking Kevin in the back of a patrol car on April 1, 2003, and escorting him home.

70.    One or more of defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 caused the involuntary confinement of Geraldine and/or Kevin in one or more of the following ways:

a.    forcing Kevin to travel to the police station on April 11, 2003, under threat of the arrest and incarceration of his mother and sister;

b.    forcing Geraldine to go to the police station and remain there, under threat of arrest and incarceration; and/or

c.    chaining Kevin to the wall at the police station on April 11, 2003.

71.    Each of the foregoing Defendants knew there was a high probability that Geraldine and Kevin would be confined by their conduct and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

13

WHEREFORE, Plaintiffs, Geraldine I. Boyd and Kevin C. Boyd, respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT VII
### State Law Intentional Infliction of Emotional Distress
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake,
### John Doe 1, John Doe 2, John Doe 3, and John Doe 4)

72.     Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

73.     The conduct of defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 was extreme and outrageous.

74.     Each of the foregoing Defendants knew there was a high probability that their conduct would cause Plaintiffs severe emotional distress and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct on Plaintiffs.

75.     The foregoing Defendants' conduct did in fact cause Plaintiffs severe emotional distress.

14

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

**COUNT VIII**
State Law Invasion of Privacy
(Defendants Ryan, Finegan, Nolan, Quinn, Blake,
John Doe 1, John Doe 2, John Doe 3, and John Doe 4)

76. Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

77. Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 intruded into Plaintiffs' solitude in one or more of the follow ways:

    a.    searching Kevin's car without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity;

    b.    searching Plaintiffs' home on April 1, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity; and

    c.    searching Plaintiffs' home on April 11, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity.

78. Each of the foregoing Defendants acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

15

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT IX
Underline State Law Malicious Prosecution
(Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4)

79.     Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

80.     Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 caused Kevin to be arrested and charged with possession of unregistered firearms. All such charges were non-suited, in Kevin's favor.

81.     Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 caused Plaintiffs' lawfully-registered firearms to be seized without a warrant. Plaintiffs have obtained a court order for the return of such firearms.

82.     Because the police had verified on April 1, 2003, that Plaintiffs' firearms were properly registered, each of the foregoing Defendants knew there was a high probability that they had no basis to arrest Kevin and seize the firearms, and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to such knowledge.

83.     Each of the foregoing Defendants was motivated by the City's policy of awarding "points" to police for handguns taken out of private ownership, and possibly even to convert

16

Plaintiffs' firearms to Defendants' own personal use, rather than by any proper purpose such as recovering weapons used in the commission of crime.

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT X
#### State Law Trespass
(Defendants Ryan, Finegan, Nolan, Quinn, Blake,
John Doe 1, John Doe 2, John Doe 3, and John Doe 4)

84.     Plaintiff Geraldine I. Boyd realleges paragraphs 1-47 above as though fully set forth in this count.

85.     Geraldine is the owner of the home searched by defendants John Doe 1 and John Doe 2 on April 1, 2003 and by defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 on April 11, 2003.

86.     When defendants John Doe 1 and John Doe 2 searched Geraldine's home on April 1, 2003, even after she refused to allow them to do so without a warrant, each of them knew there was a high probability that they wrongfully occupied Geraldine's property and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

87.     When defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 pushed their way into Geraldine's home on April 11, 2003, and remained there even after she

17

asked them to leave, each of them knew there was a high probability that they wrongfully occupied Geraldine's property and acted intentionally, recklessly, and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

WHEREFORE, Plaintiff, Geraldine I. Boyd, respectfully prays that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

**COUNT XI**
<u>State Law Trespass to Chattel</u>
<u>(Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4)</u>

88. Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege paragraphs 1-47 above as though fully set forth in this count.

89. The seizure of Plaintiffs' lawfully-registered firearms (two of the guns were registered to Geraldine, two were registered to Cynthia, and one was registered to Kevin) by defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 interfered with Plaintiffs' use and/or possession of the firearms.

90. Each of the foregoing Defendants knew there was a high probability that their conduct would interfere with Plaintiffs' use and/or possession of the firearms and acted intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of their conduct.

18

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

## COUNT XII
### State Law Conversion
### (Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4)

91.     Plaintiff Geraldine I. Boyd realleges paragraphs 1-47 above as though fully set forth in this count.

92.     Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and/or John Doe 4 seized the following five lawfully-registered firearms on April 11, 2003:

a.     s/n S101-522850 registered to Kevin
b.     s/n K50246 registered to Geraldine
c.     s/n 544389 registered to Cynthia
d.     s/n 211950-5 registered to Cynthia
e.     s/n K236772 registered to Geraldine

93.     However, the Chicago Police Department prepared Property Inventories and wrongly listed Kevin as owner of five firearms.  Further, the inventories list s/n 80968 as belonging to Kevin.[9]

94.     Plaintiffs have obtained a property release order directing that the following firearms be returned to them:

a.     s/n S101-522850
b.     s/n K50246

---

[9]     This firearm does not belong to any of the Boyds, has never in the past belonged to any of the Boyds, and is not registered to any of the Boyds.  It has been ordered destroyed.

c.    s/n 544389
d.    s/n 211950-5

95.    Firearm s/n K236772 was not listed on any of the Property Inventories given to

Plaintiffs. On information and belief, Commander Burton of the Chicago Police Department has

located firearm s/n K236772 in the computer records of the Evidence & Recovered Property

Section of the Chicago Police Department.

96.    Firearm s/n K236772 is an antique that Geraldine inherited from her father. As

such, this particular firearm has a sentimental value to Geraldine which vastly exceeds the mere

retail value of an equivalent item.

97.    The seizure of Geraldine's lawfully-registered firearm s/n K236772 by defendants

Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and/or John Doe 4, and the subsequent errors

in the Property Inventories signed by Ryan and Finegan, interfered so substantially with

Geraldine's use and/or possession of the firearm that it has been taken from her.

98.    Each of the foregoing Defendants knew there was a high probability that their

conduct would interfere with Geraldine's use and/or possession of the firearm and acted

intentionally, recklessly and/or willfully and wantonly, in reckless disregard as to the effect of

their conduct.

WHEREFORE, Plaintiff, Geraldine I. Boyd respectfully prays that judgment enter against

defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and John Doe 4 in an amount in

excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess

of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this

action and reasonable attorney's fees.

20

## COUNT XIII
### State Law Claim Against Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 (Based on Intentional, Reckless and/or Willful and Wanton Acts)

99.     Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd reallege

paragraphs 1-47 above as though fully set forth in this count.

100.     Defendants John Doe 1 and/or John Doe 2 intentionally, recklessly and/or

willfully and wantonly disregarded proper police procedure in one or more of the following

ways:

a.      frisking Kevin without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity;

b.      searching Kevin's car without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity;

c.      seizing Kevin on April 1, 2003, and forcing him to lead the police to his home, without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity; and/or

d.      searching Plaintiffs' home on April 1, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity.

101.     Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and/or John Doe 4

intentionally, recklessly and/or willfully and wantonly disregarded proper police procedure in one

or more of the following ways:

a.      searching Plaintiffs' home on April 11, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity;

b.      threatening to arrest and jail Geraldine and Cynthia;

c.      seizing Geraldine and Kevin on April 11, 2003 and detaining them at the police station, and arresting Kevin on charges that were later non-suited; and/or

d.      seizing lawfully-registered firearms without a warrant.

102.     As a direct and proximate result of the intentional, reckless and/or willful and

wanton conduct of defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2,

John Doe 3, and John Doe 4, Plaintiffs sustained severe emotional pain and suffering, distress,

21

anguish, and mental trauma.

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, and an amount in excess of $1,000,000.00 in punitive damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT XIV
State Law Claim Against Defendant City of Chicago Based on
the Doctrine of Respondeat Superior for the Intentional, Reckless
And/or Willful and Wanton Acts of its Employees and Agents

103.    Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd  reallege all paragraphs of Count XIII above as though fully set forth in this count.

104.    At all times relevant herein, defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 were employees and/or agents of defendant City.

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against Defendant City of Chicago in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

### COUNT XV
State Law Claim Against Defendant City of Chicago Directly

105.    Plaintiffs Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd  reallege paragraphs 1-47 above as though fully set forth in this count.

106.  Defendants John Doe 1 and/or John Doe 2 intentionally, recklessly and/or

willfully and wantonly disregarded proper police procedure in one or more of the following

ways:

    a.    frisking Kevin without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity;

    b.    searching Kevin's car without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity;

    c.    seizing Kevin on April 1, 2003, and forcing him to lead the police to his home, without a warrant or any basis to believe Kevin was dangerous or was involved in criminal activity; and/or

    d.    searching Plaintiffs' home on April 1, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity.

107.  Defendants Ryan, Finegan, Nolan, Quinn, Blake, John Doe 3, and/or John Doe 4

intentionally, recklessly and/or willfully and wantonly disregarded proper police procedure in one

or more of the following ways:

    a.    searching Plaintiffs' home on April 11, 2003, without a warrant or any basis to believe Plaintiffs were dangerous or involved in criminal activity;

    b.    threatening to arrest and jail Geraldine and Cynthia;

    c.    seizing Geraldine and Kevin on April 11, 2003 and detaining them at the police station, and arresting Kevin on charges that were later non-suited; and/or

    d.    seizing lawfully-registered firearms without a warrant.

108.  Defendant City caused Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John

Doe 2, John Doe 3, and John Doe 4 to disregard proper police procedure by doing one or more of

the following:

    a.    maintaining a policy against firearms, including the award of "points," which encourages officers to act in an unlawful manner;

    b.    authorizing Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 to conduct themselves as they did;

    c.    failing to appropriately train Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John Doe 3, and John Doe 4, so that they would be familiar with proper police procedure; and

    d.    employing Ryan, Finegan, Nolan, Quinn, Blake, John Doe 1, John Doe 2, John

Doe 3, and John Doe 4 while knowing that they were not familiar with proper police procedure and/or had a history of overzealous enforcement of City of Chicago ordinances regarding firearms.

WHEREFORE, Plaintiffs, Geraldine I. Boyd, Kevin C. Boyd, and Cynthia R. Boyd respectfully pray that judgment enter against Defendant City of Chicago in an amount in excess of $1,000,000.00 in compensatory damages to be proved at trial, as well as costs of prosecuting this action and reasonable attorney's fees.

Respectfully submitted,

GERALDINE I. BOYD, KEVIN C. BOYD, and CYNTHIA R. BOYD

By: _____

One of their attorneys

ROSS J. PETERS
THE LAW OFFICES OF ROSS J. PETERS, LTD.
33 North County Street - Suite 402
Waukegan, Illinois 60085
(847) 625-1854
#03126326

24

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

GERALDINE I. BOYD, KEVIN C. BOYD, and CYNTHIA

**DEFENDANTS**

CITY OF CHICAGO Et. Al.

**(b)** County of Residence of First Listed Plaintiff   COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   COOK
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ROSS J. PETERS
THE LAW OFFICES OF ROSS J. PETERS, LTD.
33 NORTH COUNTY STREET, SUITE 402
WAUKEGAN, ILLINOIS 60085

Attorneys (If Known)

04c 2360

JUDGE BUCKLO
MAGISTRATE JUDGE LEVIN

DOCKETED
APR 0 1 2004

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Civil Rights, §1981 and §1983 and related state causes of action.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  3/31/04

SIGNATURE OF ATTORNEY OF RECORD



**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



FILED-ED4 **UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

S2 :II WA 1E ¥AM 40

U.S. DISTRICT COURT

GERALDINE I. BOYD, KEVIN C. BOYD,
and CYNTHIA R. BOYD,

In the Matter of       PLAINTIFFS,

CITY OF CHICAGO Et. Al.

         DEFENDANTS.

Case Number: **04C 2360** DOCKETED

**JUDGE BUCKLO**

APR 0 1 2004

**MAGISTRATE JUDGE LEVIN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

GERALDINE I. BOYD,

KEVIN C. BOYD, and

CYNTHIA R. BOYD

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME ROSS J. PETERS | | | NAME | | |
| FIRM THE LAW OFFICES OF ROSS J. PETERS LTD. | | | FIRM | | |
| STREET ADDRESS 33 N. COUNTY STREET, SUITE 402 | | | STREET ADDRESS | | |
| CITY/STATE/ZIP WAUKEGAN, ILLINOIS 60085 | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER 847-625-1854 | | | TELEPHONE NUMBER | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 03126326 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES [X] | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES [X] | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | | | TELEPHONE NUMBER | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.